UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD ANTHONY RODGERS,<br><br>                             Plaintiff,<br><br>       v.<br><br>SCOTT KERNAN, Warden,<br><br>                            Defendant. | Civil No.   06cv1348-L (POR)<br><br>**PROPOSED FINDINGS OF FACT AND RECOMMENDATION THAT DEFENDANT'S MOTION TO DISMISS BE GRANTED** |

### I. Introduction

Petitioner Floyd Anthony Rodgers ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in San Diego County Superior Court, in Case No. SCS 163874. Respondent has filed a Motion to Dismiss the petition. In accordance with Local Rule 72.1(d), this Court issues the following Proposed Findings of Fact and Recommendation for Disposition. For the reasons set forth below, the Court respectfully recommends that the Motion to Dismiss the Petition for Writ of Habeas Corpus be granted.

Petitioner is currently serving a sixteen-year sentence for an assault and battery. His Petition for Writ of Habeas Corpus was filed with the Southern District of California on June 3, 2006. Defendant filed his Motion to Dismiss the petition on August 23, 2006. Petitioner was entitled to file an Opposition to Defendant's motion. On September 11, 2006, Petitioner requested more time to file his Opposition due to the fact that he was expecting to temporarily lose access to his prison's law library. The Court granted Petitioner's request by extending the deadline for his Opposition

1  until October 20, 2006.  As of the date of the filing of this Report and Recommendation, the Court
2  has not received an Opposition to Defendant's Motion to Dismiss, nor has the Court received any
3  further communications from Petitioner.  The Court proceeds to file this Report and
4  Recommendation in the absence of an Opposition to Defendant's Motion to Dismiss.  Petitioner will
5  continue to have the opportunity to present any objections that he may have to Defendant's Motion
6  to Dismiss, however he shall bring those as objections to this Report and Recommendation, rather
7  than to Defendant's Motion to Dismiss.  Furthermore, the Court finds that Petitioner could have filed
8  an Opposition even without access to his facility's law library.

## II.  Background

**A.  State Court Proceedings**

On September 10, 2002, Petitioner was found guilty at a jury trial of assault by means of force likely to produce great bodily injury and battery inflicting great bodily injury, in violation of California Penal Code §§ 245(a)(1) and 243(d).  Lodgment 1.  The convictions arose out of an incident during which Petitioner spoke to a woman, the woman's boyfriend took offense, and Petitioner twice punched the boyfriend in the face, fracturing the man's cheekbone.  Lodgment 3 at 96; Lodgment 5 at 45.  A bifurcated sentencing hearing followed Petitioner's conviction, and Petitioner was found guilty of one prior violent felony constituting a "strike", and was found to have served three prior prison commitments for which his sentence was enhanced pursuant to California Penal Code § 667.5.  Lodgment 5 at 8.  On November 22, 2002, Petitioner was sentenced to serve sixteen years in prison for the assault and battery.  Lodgment 1 at 2.

On June 17, 2004, Petitioner filed a petition for a Writ of Habeas Corpus with the Superior Court for San Diego County.  Lodgment 2.  That petition claimed violations of Petitioner's rights stemming from his defense counsel's failure to file a Notice of Appeal in his case.  Id.  The petition states that it was defense counsel's duty to file the Notice of Appeal, even if she did not intend to represent Petitioner on his appeal.  Id. at 10.  Though the petition did not raise the issue, the Superior Court inquired whether Petitioner was properly sentenced and requested that the District Attorney issue an Informal Response to Petition for Writ of Habeas Corpus on that issue.  Lodgment 3 at 1-2.  Thereafter, the Superior Court issued an order denying the petition on December 22, 2004.

1  Lodgment 4. The Superior Court held that the trial court properly enhanced Petitioner's sentence.
2  Id. at 4. As for Petitioner's claims regarding his trial counsel's failure to file an appeal, the Superior
3  Court held that "[t]he Petition identified no substantive issues or other errors occurring during
4  Petitioner's trial that might warrant relief." Id. at 2.

5  Petitioner's next attempt at post-conviction relief was a Petition for Writ of Habeas Corpus
6  filed with the California Court of Appeal, Fourth Division, on January 7, 2005. Lodgment 5. That
7  petition also claimed ineffective assistance of counsel based on the trial lawyer's failure to file a
8  Notice of Appeal on Petitioner's behalf. Id. On February 24, 2005, the Court of Appeal denied the
9  petition based on a showing that Petitioner had been advised of his appeal rights by the trial judge at
10 his sentencing hearing. Lodgment 6. The decision of the Court of Appeal quotes the judge's
11 statements at the sentencing hearing, informing Petitioner that a notice of appeal would need to be
12 filed within sixty days and that it could be signed either by himself or his attorney. Lodgment 6.

13 Following the Court of Appeal's denial, Petitioner applied to the California Supreme Court
14 for a Writ of Habeas Corpus, on April 12, 2005. Lodgment 7. That petition states that Petitioner
15 lacks access to his prison's law library and that the prison mail system had caused him to default on
16 seeking a review of the Court of Appeal's denial of his prior petition. Id. at 3-4. The California
17 Supreme Court denied the petition on March 15, 2006, with citations to In re Swain, 34 Cal. 2d 300
18 (1949) and People v. Duvall, 9 Cal. 4th 464 (1995). Lodgment 8. The citation to Swain indicates
19 that Petitioner did not make his claims with enough particularity to satisfy the Supreme Court. See
20 Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986) ("Swain is cited by the California Supreme
21 Court to indicate that claims have not been alleged with sufficient particularity."). The citation to
22 Duvall points specifically to the portion of that decision which describes a habeas petitioner's
23 "heavy burden initially to plead sufficient grounds for relief, and then later to prove them." People
24 v. Duvall, 9 Cal. 4th at 474 (emphasis in original).

25 Subsequently, Petitioner filed a second petition for state habeas relief which was transferred
26 to the San Diego County Superior Court on May 20, 2005. Lodgment 9; Lodgment 10 at 2. In that
27 petition, Petitioner claimed violations of both federal and California constitutional rights stemming
28 from prison staff's failure to properly inventory property of Petitioner's which was removed from

his cell when he was transferred to segregated housing at the facility. Lodgment 9. The Superior Court denied that petition, holding that Petitioner failed to exhaust his administrative remedies within the prison, made conclusory allegations without stating a prima facie case for relief, and requested monetary relief which is not available via a habeas petition. Lodgment 10. That denial was filed on August 1, 2005. Id.

In the instant petition, Petitioner represents that he filed a second habeas petition with the California Supreme Court on November 21, 2005 which remains pending. Petition at 2. According to Petitioner's representation, that petition complains that his defense attorney failed to appeal his conviction, and makes other claims of ineffective assistance of counsel. Id.

Lastly, Petitioner filed a third petition for a writ of habeas corpus with the San Diego County Superior Court on May 11, 2006. Lodgment 11. That petition repeated the earlier claims of ineffective assistance of counsel based on the failure of his defense attorney to file an appeal on his behalf. Id. That petition was denied on June 12, 2006. Lodgment 12. The reasoning for the Superior Court's denial was that the claims raised by Petitioner had been considered and rejected when Petitioner filed his first state habeas petition, and that the new petition presented "no new facts or law to warrant reconsideration." Id. at 2

**B.  Federal Petition**

The petition for writ of habeas corpus that is before this Court claims three grounds for relief. The first ground alleges that Petitioner is being held in violation of his federal constitutional right to due process because he was denied an appeal of his conviction when his attorney failed to file a Notice of Appeal on his behalf. Petition at 6. The second ground for relief claimed by Petitioner is that he was denied his constitutional right to counsel when his attorney neither appealed his conviction nor withdrew from representing him. Petition at 7. Petitioner's third ground for relief claims that he was deprived of his right to due process when the mail system at Folsom State Prison caused him to make untimely legal filings. Petition at 8.

The petition also requests tolling of the statute of limitations which is applied to federal habeas petitions. Petition at 13-15. Petitioner first requests tolling on the basis that he was waiting for his conviction to be appealed while the limitations period ran against him, and after he had

waited for his appeal to be heard he learned that his attorney had not filed an appeal on his behalf. Petition at 13-14.  Second, Petitioner requests tolling due to "the failure in the legal mail system" at Folsom State Prison.  Petition at 14.  Lastly, he requests tolling because he waited for the California Supreme Court to decide his state habeas petition before filing the instant federal petition.  Petition at 15.

Following the filing of his Petition for Writ of Habeas Corpus, Petitioner twice made a Motion Requesting Appointment of Counsel.  The first of these motions, filed on July 24, 2006, was denied by this Court's Order dated August 7, 2006.  Petitioner's second Motion Requesting Appointment of Counsel, filed on August 21, 2006, was denied by the Court on August 22, 2006.

On August 23, 2006, Defendant filed a Motion to Dismiss the petition, posing two arguments in support of dismissal.  Defendant's motion first claims that the petition is barred by the period of limitation in 28 U.S.C. § 2244(d)(1).  Defendant's Motion at 3.  Defendant also contends that Petitioner has failed to exhaust his state court remedies for the claims raised in the instant petition, as mandated by 28 U.S.C. § 2254(b)(1).  Defendant's Motion at 7.

## III. Statute of Limitations

**A.  Standard**

As amended by the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, 28 U.S.C. § 2244(d)(1) reads:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (2007).

The statute goes on to provide a tolling of the one-year period of limitation for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (2007).

In addition to the statutory tolling provided by 28 U.S.C. § 2244(d)(2), the Ninth Circuit has held that the AEDPA statute of limitations is subject to equitable tolling. Calderon v. U.S. Dist. Court for C.D. Cal. (Beeler), 128 F.3d 1283, 1288 (1997) (citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996)), overruled on other grounds by Calderon v. U.S. Dist. Court (Kelly), 163 F.3d 530 (9th Cir.1998). A court may equitably toll the statute of limitations if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288-9.

Petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). He may meet his burden by "establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

The one-year period of limitation for Petitioner's federal habeas petition began to run on "the date on which the judgment [against Petitioner] became final by . . . the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (2007). Thus, Petitioner's conviction became final sixty days after he was sentenced, when no notice of appeal was filed in his criminal case. California Rule of Court 8.308 (West 2007) ("a notice of appeal must be filed within 60 days after the rendition of the judgment"). Petitioner was sentenced on November 22, 2002. Lodgment 1 at 2. Therefore, the period of limitation for Petitioner's federal habeas petition began on January 22, 2003 and ended on January 22, 2004. Cf. Smith v. Duncan, 297 F.3d 809, 812-3 (9th Cir. 2002) (calculating start of AEDPA's limitation period from day after the expiration of time for seeking direct review as prescribed by California Rules of Court).

**B. Statutory tolling**

The Ninth Circuit has held that "the [AEDPA] statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." Nino v. Galaza, 183 F.3d 1003, 1006 (1999). However, "AEDPA's statute of

1 limitations is not tolled from the time a final decision is issued on direct state appeal and the time the
2 first state collateral challenge is filed because there is no case 'pending' during that interval." Id.
3 By the same reasoning, Petitioner had no case pending during the time between his sentencing
4 hearing and his first application for post-conviction relief.  This is because no direct state appeal was
5 filed in Petitioner's case.  Petitioner's first application for State collateral review was filed on June
6 17, 2004 with the Superior Court for San Diego County, by which time the period of limitation on
7 his federal habeas petition had already run.  Petitioner is therefore not entitled to the benefit of
8 AEDPA's statutory tolling provision.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003)
9 (holding that "section 2244(d) does not permit the reinitiation of the limitations period that has
10 ended before the state petition was filed").  Thus Petitioner's request for tolling during the time that
11 he waited for a decision from the California Supreme Court on his state habeas petition would not
12 result in his federal habeas petition being timely filed.  Petition at 14.

**C. Equitable tolling**

As previously stated, Petitioner may be entitled to an equitable tolling of the AEDPA statute of limitations upon a showing that  "extraordinary circumstances" beyond his control made it "impossible" for him to file his federal habeas petition on time.  Beeler, 128 F.3d at 1288.  Petitioner may meet his burden by "establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  Determining whether equitable tolling is warranted is a "fact-specific inquiry." Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (citing Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000).  Equitable tolling is "a discretionary doctrine that turns on the facts and circumstances of a particular case."  Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), as quoted by Spitsyn v. Moore, 345 F. 3d 796, 801 (2003).  Petitioner bears the burden of presenting sufficient facts to persuade the Court that his claims can proceed despite the "very high""threshold necessary to trigger equitable tolling." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting United States v. Marcello, 212 F.3d 10005, 1010 (7th Cir. 2000)).

The petition before the Court provides two grounds on which Petitioner claims that he is entitled to equitable tolling.  Petition at 13-15.  First, Petitioner claims that he is entitled to equitable

tolling because he relied on counsel and received ineffective assistance from his counsel, thus causing him to miss the deadline for filing a petition for a writ of habeas corpus.  Petitioner's other claim for equitable tolling is that the mail system at Folsom State Prison caused Petitioner to miss his federal habeas deadline and that the mail system is a circumstance beyond Petitioner's control.

**1. Reliance on counsel**

Petitioner's federal petition for habeas relief, as well as prior state petitions, complains that his trial attorney failed to file a notice of appeal on his behalf while also failing to communicate with Petitioner that she would not pursue an appeal on his behalf.  Petition at 13-14.  Petitioner contends that this ought to entitle him to equitable tolling, and that such equitable tolling should extend from the time of his sentencing hearing until the present.  Petition at 15.  Equitable tolling of the deadline for filing a federal habeas petition is only available "if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." See Beeler, 128 F.3d at 1288-89. Petitioner must demonstrate that he was prevented him from filing his petition despite pursuing his rights diligently.  Pace v. DiGuglielmo, 544 U.S. at 418.

Petitioner offers no explanation of how a timely filing of his federal petition for a writ of habeas corpus was made impossible by his trial attorney's representation that she would file a direct appeal of his state conviction on his behalf.  In his second state habeas petition to the Superior Court of San Diego, Petitioner claimed that he "made several attempts to file [a] Notice of Appeal" when he realized that his attorney had not filed one.  Lodgment 5 at 38.  The petition before this Court, however, contains no similar claim alleging facts to indicate that Petitioner pursued the filing of a petition for federal habeas relief within the period allowed but was prevented from doing so.  Unless extraordinary circumstances beyond Petitioner's control made it impossible for him to file the instant petition on time, Petitioner is not entitled to equitable tolling of the period of limitations. Petitioner presents no facts in support of his claim that his attorney's failure to file a timely state appeal was a circumstance making it impossible for him to file a timely federal habeas petition.

Furthermore, in his petition, Petitioner states that while the AEDPA period of limitations was running against him he had been "patiently waiting for [the state] appeal process to begin." Petition

at 14-5.  The United States Supreme Court instructs that prisoners seeking equitable tolling of the time to seek federal habeas relief must demonstrate a diligent pursuit of their rights.  Pace v. DiGuglielmo, 544 U.S. at 418.  Petitioner's patience in waiting for his conviction to be appealed is opposite to what the Supreme Court expects from prisoners who seek equitable relief from the AEDPA statue of limitations.

**2. Prison mail system**

Petitioner also claims that he is entitled to equitable tolling because the mail system at Folsom State Prison caused him to miss deadlines for legal filings.  Petition at 8.  The United States Supreme Court has recognized that a prisoner who files his notice of appeal pro se, "has no choice but to hand his notice over to prison authorities for forwarding to the court clerk".  Houston v. Lack, 487 U.S. 266, 275 (1988).  Thus the Supreme Court recognizes a special 'mailbox rule' for prisoners, whereby filing dates are determined from the date of delivery to prison authorities rather than from the date of receipt by a court clerk.  Id. at 275-6.  The burden, however, remains with Petitioner to prove that equitable tolling is warranted.  Cf. Dennis v. Woodford, 65 F. Supp. 2d 1093, 1097 n. 5 (N.D.Cal. 1999) (denying habeas petitioner's motion which "suffer[ed] not from a faulty premise that tolling might be available but from a lack of specific, particularized facts which would make tolling appropriate in this case") (emphasis in original).

Petitioner has submitted a copy of his prison mail log from Folsom State Prison as evidence of this claim.  See Petition at "Exhibit D".  This log of petitioner's outgoing legal mail begins on April 8, 2004, with a letter to Judge Jesus Rodriguez, Superior Court of San Diego.  Id.  If indeed this was the first instance of Petitioner attempting to file a notice of appeal pro se, then the lateness of Petitioner's legal filings were not due to the Folsom State Prison mail system.  For purposes of equitable tolling on his federal habeas petition, this evidence does not demonstrate that Petitioner's lateness in filing was due to circumstances beyond his control.  See Beeler, 128 F.3d at 1288.  Rather, the evidence provided by Petitioner demonstrates that he was not "pursuing his rights diligently" as the AEDPA period of limitation was running against him.  Pace v. DiGuglielmo, 544 U.S. at 418.  The prison mail log suggests that Petitioner took no action on his conviction until the AEDPA period of limitation had already expired.

1    Alternatively, if Petitioner means to request a tolling of the AEDPA period of limitations
2 under 28 U.S.C. § 2244(d)(1)(B) and is suggesting that his alleged, yet unspecified, problems with
3 the prison mail system represent a state action that prevented him from making a timely filing, then
4 the evidence of the outgoing mail log remains unavailing.  Courts are instructed by the AEDPA to
5 begin the one-year limitation period from "the date on which the impediment to filing an application
6 created by State action in violation of the Constitution or laws of the United States is removed"
7 when such date is later than the date that judgment against a petitioner became final.  28 U.S.C. §
8 2244(d)(1)(B).  Petitioner does not demonstrate that problems with the Folsom State Prison mail
9 system prior to April 8, 2004 prevented him from filing the instant petition, but evidently he was
10 able to send outgoing legal mail on that date because on April 8, 2004 he sent a letter to the Superior
11 Court of San Diego.  Even if Petitioner's one-year period of limitation had begun on April 8, 2004,
12 his federal habeas petition was nonetheless untimely when it was filed on June 3, 2006.

**D.  Conclusion**

Because the Court finds that Petitioner's request for a writ of habeas corpus is barred by the statute of limitations contained in  28 U.S.C. § 2244(d)(1), the Court does not here reach Defendant's claim that the instant petition ought to be dismissed on the basis that Petitioner's grounds for habeas relief have not been exhausted in the courts of California.  However, the Court does note that while previous habeas petitions to the Superior Court and the Court of Appeals both alleged ineffective assistance of counsel because trial counsel did not appeal Petitioner's conviction, the habeas petition filed with the California Supreme Court on April 12, 2005 stated different grounds for relief.

After thorough review of the record in this matter and based on the foregoing analysis, this Court recommends that the Motion to Dismiss the Petition for Writ of Habeas Corpus be GRANTED and this action be DISMISSED WITH PREJUDICE.  This Proposed Findings of Fact and Recommendation for Disposition of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, the Honorable M. James Lorenz, pursuant to the provisions of 28 U.S.C. § 636(b)(1) (2006) and Local Rule 72.1(d).

IT IS HEREBY ORDERED that **no later than March 2, 2007**, any party may file and serve

1  written objections with the Court and serve a copy on all parties.  The document should be captioned
2  "Objections to Report and Recommendation."
3      IT IS FURTHER ORDERED that any reply to the objections shall be filed and served no
4  later than ten days after being served with the objections.  The parties are advised that failure to file
5  objections within the specified time may waive the right to raise those objections on appeal of the
6  Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).
7  DATED:  January 30, 2007

  _____
9  LOUISA S PORTER
   United States Magistrate Judge

11  cc:     Honorable M. James Lorenz
12          all parties